**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Aaron HEADSPETH,**
**Defendant–Appellant.**

**No. 87–5135.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1988.

Decided July 25, 1988.

Harvey Greenberg (Lori Simpson, Baltimore, Md., on brief), for defendant-appellant.

Gregg Lewis Bernstein, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

Aaron Headspeth was convicted, following a jury trial, of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court imposed an enhanced sentence for the violation of § 922(g), pursuant to 18 U.S.C. § 924(e), based on prior convictions for robbery, robbery with a deadly weapon, and storehouse breaking. Headspeth now appeals, challenging both the conviction and the enhanced sentence. We affirm the conviction, but vacate and remand for resentencing, because we find that a prior conviction for storehouse breaking is not a proper basis for sentence enhancement under § 924(e).

I

Headspeth was stopped by two Baltimore City police officers for a routine traffic violation. During the course of this stop, the officers saw a handgun in plain view in Headspeth's car and arrested him. A search incident to this arrest revealed two additional weapons: a nine millimeter pistol and a sawed-off shotgun. The grand jury returned an indictment charging Headspeth with two violations of the federal

firearms laws. Count I charged him with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d); Count II with possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Shortly after the issuance of the indictment, the government filed a separate criminal information notifying Headspeth that it intended to seek an enhanced penalty for the § 922(g) violation under 18 U.S.C. § 924(e), because it believed Headspeth to have three previous convictions for a "violent felony," as that term is defined in 18 U.S.C. § 924(e)(2)(B). The prior convictions alleged were for robbery, robbery with a deadly weapon, and storehouse breaking.

Headspeth entered pleas of not guilty and was tried before a jury, which returned a verdict of guilty on both counts. At the sentencing hearing, the district court ruled that each of Headspeth's prior convictions was for a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B). Accordingly, the court sentenced Headspeth to an enhanced term of 15 years without parole for the violation of § 922(g), to run concurrently with a term of 10 years for the violation of § 5861(d). This appeal followed.

## II

Headspeth raises at the outset several challenges to the validity of his convictions, none of which has merit.

■ Headspeth's first complaint is that his due process rights were violated when he was denied access to the portion of the presentence report that contained the probation officer's sentencing recommendation. Headspeth acknowledges that Fed.R. Crim.P. 32(c)(3)(A) does not require the sentencing judge to release this portion of the presentence report. He maintains, however, that the rule is in this aspect constitutionally defective. We disagree. While a convicted defendant retains a due process right not to be sentenced on the basis of materially false or inaccurate information, *see United States v. Lee*, 540 F.2d 1205, 1210–11 (4th Cir.1976), access to the sentencing recommendation, which is nothing

but a subjective judgment made on the basis of facts contained elsewhere in the report, is not necessary to vindicate that interest. *See United States v. McKinney*, 450 F.2d 943, 943 (4th Cir.1971) (due process does not require disclosure of presentence report); *United States v. Knupp*, 448 F.2d 412 (4th Cir.1971) (same). Headspeth was given an opportunity to read and respond to all portions of the presentence report except the sentencing recommendation, and that was sufficient to satisfy due process.

■ Headspeth contends next that the district court committed reversible error in refusing to give his requested instruction on the definition of "reasonable doubt." This argument is without merit. We have frequently admonished district courts not to attempt to define reasonable doubt in their instructions to the jury absent a specific request from the jury itself. *See, e.g., Murphy v. Holland*, 776 F.2d 470, 475 (4th Cir.1985), *vacated on other grounds*, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir.1985); *United States v. Moss*, 756 F.2d 329, 333 (4th Cir.1985); *Smith v. Bordenkircher*, 718 F.2d 1273, 1276 (4th Cir.1983). We have done so on the theory that the term reasonable doubt has a "self-evident meaning comprehensible to the lay juror," which judicial efforts to define generally do more to obscure than to illuminate. *See Murphy*, 776 F.2d at 475. So long as the trial court properly instructs the jury that the government must prove the defendant's guilt beyond a reasonable doubt and that this burden remains with the government throughout the trial, the failure to give an additional instruction defining reasonable doubt, even when requested by the defendant, is therefore not reversible error. *See United States v. Marquardt*, 786 F.2d 771, 784 (7th Cir.1986); *cf. United States v. Woods*, 812 F.2d 1483, 1487–88 (4th Cir.1987) (not error to refuse to define "reasonable doubt" in charge to jury). Here the trial court properly instructed the jury that the government bore, throughout the trial, the burden of proving its case beyond a reason-

able doubt, and its failure to supplement this instruction with a definition of reasonable doubt is not grounds for reversal.

■ Headspeth also argues that the district court erred in refusing to allow his counsel to define the term reasonable doubt in closing argument. This argument is flatly refuted by our decision in *United States v. Crockett*, 813 F.2d 1310 (4th Cir. 1987), which held that it was not an abuse of discretion to limit closing argument in this fashion. *Id.* at 1317.

■ Finally, Headspeth contends that the district court erred in refusing to give his requested instruction on the defendant's privilege not to testify. Since the district court gave an instruction on testimonial privilege that accurately and adequately stated the governing law, however, its failure to give the precise instruction requested by Headspeth was not reversible error. *See United States v. Scheper*, 520 F.2d 1355, 1357–58 (4th Cir.1975) (not error to refuse to give precise instruction requested so long as charge given adequately covers its substance); *United States v. Beltran*, 761 F.2d 1, 11 (1st Cir.1985) (same). Accordingly, the judgment of conviction is affirmed.

### III

Headspeth challenges the enhanced sentence he received for the violation of § 922(g) on three separate grounds: (1) that a prior conviction for storehouse breaking is not a proper basis for sentence enhancement under § 924(e); (2) that § 924(e) is void for vagueness; and (3) that his procedural due process rights were violated because he was not given a separate evidentiary hearing on the issue of enhancement. Because we agree with Headspeth that storehouse breaking is not a predicate offense under the statute, we do not reach the constitutional questions presented.

18 U.S.C. § 924(e)(1) establishes a mandatory minimum sentence of 15 years without parole for any person convicted of a violation of 18 U.S.C. § 922(g)—possession of a firearm by a convicted felon—who has three or more previous convictions for a "violent felony" or "serious drug offense." Section 924(e)(2)(B) defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Two of the prior convictions used to justify the enhancement of Headspeth's sentence were for offenses that clearly fall within this definition: both robbery and robbery with a deadly weapon have as elements the threatened use of force against the person. But the third, which was for storehouse breaking, presents a more difficult question. In context, the relevant statutory language is sufficiently ambiguous as to its intended reach to require resort to interpretive sources and canons.

Under Maryland law, the offense of "storehouse breaking" is defined as follows:

> breaking [into] a storehouse, filling station, garage, trailer, cabin, diner, warehouse or other outhouse or into a boat in the day or night with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of $300 or more therefrom....

Md.Ann.Code art. 27, § 32 (1987). Quite plainly, this offense is not the sort of "violent felony" referred to in § 924(e)(2)(B)(i), for it does not have as an element the use—actual, attempted, or threatened—of force against the person. The government contends, however, that storehouse breaking falls within the scope of § 924(e)(2)(B)(ii), both as a form of "burglary" and as an offense that "involves conduct that presents a serious potential risk of physical injury to another." We are not persuaded by either argument.

Section 924(e) does not define the term "burglary." When Congress uses a common law term like burglary in a federal criminal statute without otherwise defining it, Congress is presumed to adopt the meaning given that term at common law. *Morrissette v. United States,* 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288 (1952). At common law, "burglary" has long been defined as the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein. *See* W. LaFave and A. Scott, *Criminal Law* 708 (1972). So defined, the generic term burglary would not encompass the specific offense of storehouse breaking set forth in Md.Code Ann. art. 27, § 32, because the latter does not involve a dwelling house in the nighttime. The government argues, however, that the legislative history and purpose of the § 924(e) sentence enhancement provision demonstrate that Congress intended the term burglary to have a more expansive definition than obtained at common law. We disagree.

At one point, § 924(e) did indeed contain a definition of burglary which would encompass Maryland's storehouse breaking offense. As originally enacted, § 924(e)'s sentence enhancement provision was triggered only by previous convictions for either "robbery" or "burglary."[1] Section 924(e)(2)(B) then specifically defined "burglary" as "any crime punishable by a term of imprisonment exceeding one year and consisting of entering or remaining surreptitiously within a building that is the property of another with intent to engage in conduct constituting a Federal or State offense." This definition of burglary, which was considerably broader than its common law counterpart, would of course cover storehouse breaking, as that offense is defined in Maryland.

But this broad statutory definition of burglary was extremely short-lived. Two days after § 924(e) was enacted—and several months before it became effective— Congress began to consider expanding the list of predicate offenses that would trigger it. *See* Armed Career Criminal Legislation: Hearing on H.R. 4639 and H.R. 4768 before the Subcomm. on Crime of the House Comm. on the Judiciary, 99th Cong., 2d Sess. 44 (May 21, 1986) [hereinafter Hearing]. At the ensuing hearings, there was a general consensus that the specific predicate offenses of "robbery" and "burglary," together with their respective definitions, should be replaced with the more general terms "serious drug offense" and "violent felony." *See* H.R.Rep. No. 849, 99th Cong., 2d Sess. 3 (1986). There was considerable disagreement, though, about how to define the term "violent felony."

One proposed amendment, introduced by Representative Wyden of Oregon, favored a broad definition which would include crimes against both person and property:

(A) an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another; or

(B) any felony which, by its nature, involves a substantial risk that physical force against the person *or property* of another may be used in the course of committing the offense.

H.R. 4639, 99th Cong., 2d Sess. (1986) (emphasis added). This proposal drew a flurry of criticism, for the inclusion of property crimes was thought to be an unwarranted extension of federal criminal jurisdiction which would both encroach upon state sovereignty and overload the federal prison system. *See, e.g.,* Hearing at 11 (statement of Rep. Hughes).

A second proposal, introduced by Representatives Hughes and McCollum, would have defined the term "violent felony" much more narrowly as "any State or Federal felony that has *as an element* the use, attempted use, or threatened use of physical force against the *person* of another."

---

**1.** The § 924(e) sentence enhancement provision derives from 18 U.S.C. § 1202(a), which was part of the Armed Career Criminal Act of 1984, Pub.L. No. 98–473, 98 Stat. 2138 (1984). In May of 1986, Congress recodified the § 1202(a) sentence enhancement provision, without change, as 18 U.S.C. § 924(e), as part of a general consolidation of the federal firearms laws. Firearms Owners' Protection Act of 1986, Pub.L. No. 99–308, 100 Stat. 456 (1986).

H.R. 4768, 99th Cong., 2d Sess. (1986) (emphasis added). This definition would have excluded burglary as a predicate offense, because the actual or threatened use of force against the person is not an element of that offense, either at common law or under the original § 924(e)(2)(B). *See* Hearing at 26 (statement of Rep. Hughes) (indicating that the exclusion of burglary was deliberate).

The Hughes/McCollum proposal was roundly criticized for its failure to include burglary, arson, and other violent crimes against property which, though they did not have the actual or threatened use of force against the person as an element, nonetheless posed a severe inherent danger to human life. *See, e.g.,* Hearing at 9 (statement of Rep. Wyden); *id.* at 23–24 (statement of James Knapp, Deputy Ass't Attorney General, Crim. Div., U.S. Dept. of Justice).

The amendment that was ultimately passed, and now appears as 18 U.S.C. § 924(e)(2)(B), was a compromise of sorts. It defined the term "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year that—

(i) has *as an element* the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

Pub.L. No. 99–570, 100 Stat. 3207 (1986) (emphasis added). The § 924(e)(2)(B)(ii) catch-all, which permits certain felonies against property to serve as the basis for sentence enhancement, was designed to satisfy the proponents of H.R. 4639, while the limitation of that provision to crimes which present a serious risk of injury to the *person* was a concession to those who favored H.R. 4768.

 Though the amended statute lists burglary as a predicate offense, it specifically deletes the broad definition of that term which had appeared in the original version of the statute. This omission,

viewed in light of the efforts to remove burglary altogether from the list of predicate offenses, suggests that Congress intended to revert to the narrow common law definition of burglary in the amended statute. The common law definition is, to be sure, more consistent with the amended statute's focus on conduct which poses a serious potential risk of injury to the person. Absent more persuasive evidence that Congress intended the term "burglary" in amended § 924(e)(2)(B) to mean something else, we are reluctant to depart from the usual presumption that Congress intended the term to be given its common law meaning. Accordingly, we hold that the term "burglary," as used in § 924(e)(2)(B)(ii), means the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein. So defined, the term "burglary" does not encompass storehouse breaking, as that offense is defined under Maryland law.

Nor do we believe, as the government suggests, that the crime of storehouse breaking set forth in Md.Code Ann. art. 27, § 32 is an offense which, in the language of the statute, "otherwise involves conduct that presents a serious potential risk of physical injury to another." As was noted in argument before this court, the catch-all language "otherwise involves conduct that presents a serious potential risk of physical injury to another" is, in context, ambiguous. It could be read to refer, as did H.R. 4639, only to offenses which *by their very nature* pose a risk of injury to another. Since the specifically enumerated crimes that precede the catch-all language—"burglary," "arson," "extortion," and "use of explosives"—are all offenses which by their very nature obviously pose an inherent risk of injury to the person, this interpretation may be the most plausible. On this view, the offense of storehouse breaking at issue here could not fairly be called a "violent felony" within the meaning of § 924(e)(2)(B)(ii), for by its very nature, storehouse breaking generally involves unoccupied buildings. While particular instances of storehouse breaking may, on occasion, present some risk of injury to a

person, the crime itself is not one which, like common law burglary, arson, extortion, and the use of explosives, poses such a risk *by its very nature.*

But unlike H.R. 4639, the statute before us does not contain the limiting language "by its nature." For this reason, it is possible to read the statute as referring not only to crimes which, in their generic sense, pose an inherent risk of injury to the person, but also to any particular offense which, under the facts and circumstances of its commission, actually posed such a risk. Under this view, the particular instance of storehouse breaking at issue here might qualify as a violent felony, for it involved the heaving of a brick through the plate glass window of a jewelry store.

While the case is indeed a close one, we think the rule of lenity requires us to adopt the narrower interpretation of the statutory language. Under that well-established principle of statutory construction, ambiguities in criminal statutes must be resolved in favor of lenity for the accused. *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971); *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). The Supreme Court has made clear that this principle applies to sentencing as well as substantive provisions. *See Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *United States v. Batchelder,* 442 U.S. 114, 121, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979); *Simpson v. United States,* 435 U.S. 6, 14–15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978). As the Court has stated, "[t]his policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). Where, as here, the legislative history and other extrinsic sources offer no guidance in resolving the ambiguity in the statutory language, we can do no more than guess as to Congress' intent and must therefore resolve the ambiguity in favor of the accused.

Accordingly, we hold that the catchall, "otherwise" clause of 18 U.S.C. § 924(e)(2)(B)(ii) must be limited in its application to offenses which, as defined, pose *by their very nature* a serious potential risk of injury to another. Since, as indicated earlier, Maryland's crime of storehouse breaking is not such an offense, we conclude that it is not a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii).

### IV

For the foregoing reasons, we affirm the judgment of conviction, but vacate and remand for resentencing on the § 922(g) count.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.