**UNITED STATES of America, Appellee,**

v.

**Arthur Lajuane TAYLOR, Appellant.**

**No. 88–1408.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 19, 1988.

Decided Jan. 4, 1989.

Rehearing and Rehearing En Banc
Denied March 7, 1989.

Bruce D. Livingston, St. Louis, Mo., for appellant.

David M. Rosen, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

---

McMILLIAN, Circuit Judge.

Arthur Lajuane Taylor pleaded guilty in the District Court[1] for the Eastern District of Missouri to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court enhanced Taylor's sentence under 18 U.S.C. § 924(e)(1) because of his previous felony convictions and sentenced him to fifteen years in prison with no possibility of probation or parole. For reversal, Taylor argues that the district court erred in considering his prior convictions for burglary in the second degree under Missouri law for purposes of the sentence enhancement provisions of 18 U.S.C. § 924(e)(1). For the reasons discussed below, we affirm the sentence imposed by the district court.

Taylor appeals only from the imposition of the enhanced sentence.[2] Because the imposition of the sentence arose out of a guilty plea pursuant to a plea agreement, there are no disputed factual issues. The issue on appeal is one of law only.

We have recently considered the issue of whether burglary in the second degree is a "violent felony" in *United States v. Portwood*, 857 F.2d 1221 (8th Cir.1988) and *United States v. Black*, 857 F.2d 1221 (8th Cir.1988) (consolidated for appeal, hereinafter *Portwood*). The reasoning of *Portwood* applies with equal weight to this case.

The sentence enhancement provisions of 18 U.S.C. § 924(e) come into play when one who has been convicted under 18 U.S.C. § 922(g)(1) has three previous convictions for either a "violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Burglary in the second degree is defined in the Missouri Revised Statutes as:

knowingly enter[ing] unlawfully or knowingly remain[ing] unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

Mo.Rev.Stat. § 569.170.1.

As a felony, burglary in the second degree is punishable by imprisonment for a term of more than one year. Mo.Rev.Stat. § 556.016.2. The Missouri statutory definition of burglary in the second degree falls squarely within the crimes delineated in 18 U.S.C. § 924(e) as predicate crimes which are to be considered for sentence enhancement purposes.

Taylor argues, however, that burglary in the second degree is not a "violent felony ... that ... involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The gist of his argument is that Missouri law distinguishes between burglary in the first degree which involves the potential for violence and burglary in the second degree which does not. According to Taylor, if any burglary presents a risk of potential injury to an innocent person, it automatically triggers the application of the more serious charge of burglary in the first degree. Mo.Rev.Stat. § 569.160.1(3). In contrast, a charge of burglary in the second degree is triggered when a burglary of an empty building occurs. Mo.Rev.Stat. § 569.170. Taylor argues that such a burglary carries with it no potential for violence since there is no one present who can be harmed during the commission of the offense. As such, he argues that burglary in the second

**1.** The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

**2.** A ruling favorable to Taylor on this issue would necessitate a remand for resentencing under 18 U.S.C. § 924(a)(1). A prerequisite to sentence enhancement under 18 U.S.C. § 924(e)(1) is three previous convictions. The prior convictions relied upon by the district court in imposing the enhanced sentence were two for burglary in the second degree, one for robbery in the first degree and one for assault.

degree cannot be a "violent felony" in the sense that Congress intended when it enacted 18 U.S.C. § 924(e)(2)(B).

In response to an argument identical to the one posed by Taylor, we held in *Portwood* that "burglary" in the sentence enhancement statute means "burglary" however a state chooses to define it. We stated that:

> Congress could quite reasonably conclude that no matter what the felon's intent upon breaking in, the property owner may return, a neighbor may investigate, or a law enforcement official may respond. All of these scenarios present a grave threat of harm to persons. A person with ... prior convictions for burglary, regardless of the details of each burglary, presents the type of potential threat to society that Congress sought to control by the enactment of § 924(e).

857 F.2d at 1224. Based on the reasoning of *Portwood*, we hold that the district court did not err in considering Taylor's prior convictions for Missouri burglary in the second degree as predicate offenses which, in conjunction with his other prior convictions, subject him to an enhanced sentence under 18 U.S.C. § 924(e).

Accordingly, the judgment of the district court is affirmed.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent.

The majority follows the holding of *United States v. Portwood*, 857 F.2d 1221 (8th Cir.1988). In *Portwood*, the court held that Missouri's second degree burglary statute satisfies the definition of burglary as used by Congress in 18 U.S.C. § 924(e). According to *Portwood*, "the statute says 'burglary,' and we take that to mean 'burglary,' however a state may choose to define it." *Portwood*, 857 F.2d at 1223–24. Neither *Portwood*, nor this case, can be

justified on careful examination of the federal statute and its legislative history.

Section 924(e) does not define "burglary." As a matter of statutory construction, "[w]here Congress uses terms that have accumulated settled meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329, 101 S.Ct. 2789, 2794, 69 L.Ed.2d 672 (1981). *See also Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952).

"Burglary" has a common law meaning: "the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony." W. LaFave & A. Scott, Jr., *Criminal Law* 792 (2d ed. 1986). Modern statutes setting out offenses denominated as burglary may or may not possess the common law elements of burglary. As such, burglary does not have an established "modern" meaning. Moreover, no language in the enhancement statute dictates a meaning other than the common law meaning. *See United States v. Headspeth*, 852 F.2d 753, 757–58 (4th Cir.1988).

The Eighth Circuit's interpretation of the statute produces an anomalous result, demonstrated by a comparison to *Headspeth*. In *Headspeth*, the court considered the application of section 924(e) to a defendant with two convictions for robbery and a third conviction, there in question, for the crime of "storehouse breaking," under Maryland law. Conduct amounting to storehouse breaking in Maryland (breaking into a storehouse in day or night with intent to commit a felony or theft of property of the value of $300 or more) would be at least second degree burglary in Missouri.[1] *Compare id.* at 756 (quoting Md.Ann.Code art. 27, § 32 (1971)), *with* majority op. at 626–27. *Headspeth* concluded that storehouse breaking did not constitute burglary under the enhancement provision and

---

1. Taylor was convicted of second degree burglary in 1971. Effective January 1, 1979, the Missouri second degree burglary statute was amended. *See* Mo.Ann.Stat. § 569.170 (Vernon 1979). The majority and the parties cite the present second degree burglary statute. For the purposes of this case, I assume the revision did not make a substantive change in the statute, as it applied to the defendant. *See State v. Eaton*, 504 S.W.2d 12, 15 (Mo.1973).

thus an enhanced penalty did not apply to the defendant.

The majority, however, subjects Taylor to the enhanced penalty because the State labeled his conduct burglary. Following the majority's analysis to its logical conclusion, a traffic offense of wrongful parking, i.e., the taking of someone else's privilege of using a parking space, if labeled burglary by a state, could be used to enhance a sentence under section 924.

I do not believe the application of a federal sentence enhancement provision should turn on the differing labels given to similar conduct by the various states. Such application treats similarly situated persons differently for the purpose of a federally imposed sentence. I find it unlikely Congress would have intended such a result. *Cf.* U.S.Sent.Comm.Sent. Guidelines at 2 (Oct. 1987) (Congress sought *uniformity* in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct by similar offenders.) Unfortunately, neither the majority nor *Portwood* gives consideration to section 924's legislative history. *Headspeth*'s analysis of the legislative history is instructive and dispositive. The opinion by Circuit Judge Phillips of the Fourth Circuit stated:

> The government argues, however, that the legislative history and purpose of the § 924(e) sentence enhancement provision demonstrate that Congress intended the term burglary to have a more expansive definition than obtained at common law. We disagree.
>
> At one point, § 924(e) did indeed contain a definition of burglary which would encompass Maryland's storehouse breaking offense. As originally enacted, § 924(e)'s sentence enhancement provision was triggered only by previous convictions for either "robbery" or "burglary." Section 924(e)(2)(B) then specifically defined "burglary" as "any crime punishable by a term of imprisonment exceeding one year and consisting of entering or remaining surreptitiously within a building that is the property of another with intent to engage in conduct constituting a Federal or State offense." This definition of burglary, which was consid-

erably broader than its common law counterpart, would of course cover storehouse breaking, as that offense is defined in Maryland.

> But this broad statutory definition of burglary was extremely short-lived. Two days after § 924(e) was enacted— and several months before it became effective—Congress began to consider expanding the list of predicate offenses that would trigger it. *See* Armed Career Criminal Legislation: Hearing on H.R. 4639 and H.R. 4768 before the Subcomm. on Crime of the House Comm. on the Judiciary, 99th Cong., 2d Sess. 44 (May 21, 1986) [hereinafter Hearing]. At the ensuing hearings, there was a general consensus that the specific predicate offenses of "robbery" and "burglary," together with their respective definitions, should be replaced with the more general terms "serious drug offense" and "violent felony." *See* H.R.Rep. No. 849, 99th Cong., 2d Sess. 3 (1986). There was considerable disagreement, though, about how to define the term "violent felony."
>
> One proposed amendment, introduced by Representative Wyden of Oregon, favored a broad definition which would include crimes against both person and property:
>
> > (A) an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another; or
> >
> > (B) any felony which, by its nature, involves a substantial risk that physical force against the person *or property* of another may be used in the course of committing the offense.
>
> H.R. 4639, 99th Cong., 2d Sess. (1986) (emphasis added). This proposal drew a flurry of criticism, for the inclusion of property crimes was thought to be an unwarranted extension of federal criminal jurisdiction which would both encroach upon state sovereignty and overload the federal prison system. *See, e.g.,* Hearing at 11 (statement of Rep. Hughes).
>
> A second proposal, introduced by Representatives Hughes and McCollum, would have defined the term "violent felony" much more narrowly as "any State

or Federal felony that has *as an element* the use, attempted use, or threatened use of physical force against the *person* of another." H.R. 4768, 99th Cong., 2d Sess. (1986) (emphasis added). This definition would have excluded burglary as a predicate offense, because the actual or threatened use of force against the person is not an element of that offense, either at common law or under the original § 924(e)(2)(B). *See* Hearing at 26 (statement of Rep. Hughes) (indicating that the exclusion of burglary was deliberate).

The Hughes/McCollum proposal was roundly criticized for its failure to include burglary, arson, and other violent crimes against property which, though they did not have the actual or threatened use of force against the person as an element, nonetheless posed a severe inherent danger to human life. *See, e.g.,* Hearing at 9 (statement of Rep. Wyden); *id.* at 23–24 (statement of James Knapp, Deputy Ass't Attorney General, Crim. Div., U.S. Dept. of Justice).

The amendment that was ultimately passed, and now appears as 18 U.S.C. § 924(e)(2)(B), was a compromise of sorts. It defined the term "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year that—
>
> (i) has *as an element* the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

Pub.L. No. 99–570, 100 Stat. 3207 (1986) (emphasis added). The § 924(e)(2)(B)(ii) catch-all, which permits certain felonies against property to serve as the basis for sentence enhancement, was designed to satisfy the proponents of H.R. 4639, while the limitation of that provision to crimes which present a serious risk of injury to the *person* was a concession to those who favored H.R. 4768.

Though the amended statute lists burglary as a predicate offense, it specifical-ly deletes the broad definition of that term which had appeared in the original version of the statute. This omission, viewed in light of the efforts to remove burglary altogether from the list of predicate offenses, suggests that Congress intended to revert to the narrow common law definition of burglary in the amended statute. The common law definition is, to be sure, more consistent with the amended statute's focus on conduct which poses a serious potential risk of injury to the person. Absent more persuasive evidence that Congress intended the term "burglary" in amended § 924(e)(2)(B) to mean something else, we are reluctant to depart from the usual presumption that Congress intended the term to be given its common law meaning. Accordingly, we hold that the term "burglary," as used in § 924(e)(2)(B)(ii), means the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein. So defined, the term "burglary" does not encompass storehouse breaking, as that offense is defined under Maryland law.

*Headspeth,* 852 F.2d at 757–58 (footnote omitted).

For these reasons, I would hold that Missouri's second degree burglary is not "burglary" under section 924(e)(2)(B)(ii). Additionally, Missouri's second degree burglary does not fall within the statutory phrase of section 924(e) "or otherwise involves conduct that presents a serious risk of physical injury to another." That issue was also addressed in *Headspeth.*

Nor do we believe, as the government suggests, that the crime of storehouse breaking set forth in Md.Code Ann. art. 27, § 32 is an offense which, in the language of the statute, "otherwise involves conduct that presents a serious potential risk of physical injury to another." As was noted in argument before this court, the catch-all language "otherwise involves conduct that presents a serious potential risk of physical injury to another" is, in context, ambiguous. It could be read to refer, as did H.R. 4639, only to offenses which *by their very nature* pose a risk of injury to another. Since

the specifically enumerated crimes that precede the catch-all language—"burglary," "arson," "extortion," and "use of explosives"—are all offenses which by their very nature obviously pose an inherent risk of injury to the person, this interpretation may be the most plausible. On this view, the offense of storehouse breaking at issue here could not fairly be called a "violent felony" within the meaning of § 924(e)(2)(B)(ii), for by its very nature, storehouse breaking generally involves unoccupied buildings. While particular instances of storehouse breaking may, on occasion, present some risk of injury to a person, the crime itself is not one which, like common law burglary, arson, extortion, and the use of explosives, poses such a risk *by its very nature.*

*Headspeth,* 852 F.2d at 758–59.

Missouri law, by definition, distinguishes burglaries which are potentially violent and those not showing violence or threats of violence. Burglary in the first degree encompasses entry into a building when armed or when the burglar causes or threatens physical injury to a person not a participant in the crime, or where a person other than a participant is present in the building. Mo.Ann.Stat. § 569.160.1 (Vernon 1979). In contrast, burglary in the second degree, quoted in the majority opinion at 626, may relate to an unarmed burglary of an unoccupied building. *See, e.g., State v. Eaton,* 504 S.W.2d 12 (Mo.1973).

Thus, the conviction for second degree burglary under Missouri law, relating as it does to entry into a structure without an occupant, poses no threat of harm to persons.

The comment in the majority opinion at 627, quoting *Portwood,* 857 F.2d at 1224, that any conduct which may be a burglary under any state law, regardless of the details, "presents the type of potential threat to society that Congress sought to control by the enactment of § 924(e)" does not accord with the legislative history previously quoted in this opinion.

**2.** Section 924(e)(2)(B)(ii) reads:
(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves con-*

Moreover, it seems perfectly clear that the language of the statutory provision here in question, underlined in the footnote,[2] relates to crimes other than burglary (under common law), arson, or extortion which may present "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

I add a final comment. Institutionally, a panel of this court must follow the rule of law laid down in a prior panel opinion. Only the en banc court can overrule a published panel opinion. Nevertheless, neither this panel nor this writer need uncritically accept a prior panel opinion which may be flawed. I suggest the rule of this case and *Portwood* in deciding that every burglary defined under state law qualifies as a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(ii) needs re-examination by this court en banc or by the United States Supreme Court.

*duct that presents a serious potential risk of physical injury to another.* (Emphasis added).