**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randall Gene CUNNINGHAM,**
**Defendant–Appellant.**

No. 88–3046.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1989.

Decided June 27, 1989.

David K. Allen, Portland, Or., for defendant-appellant.

Stephen F. Peifer, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before TANG and SKOPIL, Circuit Judges, and McKIBBEN, District Judge.*

* The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation.

TANG, Circuit Judge:

Randall Gene Cunningham (Cunningham) appeals the district court's use of his Oregon second-degree felony burglary conviction for statutory sentence enhancement under the Armed Career Criminal Act (the Act), 18 U.S.C. § 924. We reverse under the authority of *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989) and remand for resentencing.

## FACTS AND PROCEEDINGS

Cunningham was indicted on one count of being a felon in illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time of Cunningham's arraignment, the government filed an information alleging three prior violent felony convictions for purposes of sentence enhancement. Cunningham filed a motion to dismiss the indictment on the ground that 18 U.S.C. § 924(e) was unconstitutional, which the district court denied. Following a bench trial, the court found Cunningham guilty as charged.

After a sentencing hearing was scheduled, Cunningham filed a memorandum in opposition to sentence enhancement on the ground that his prior Oregon state conviction for second degree burglary should not be considered because the conviction does not qualify as a "violent felony" under section 924(e)(2)(B). The court held that the government was entitled to seek sentence enhancement based upon the prior conviction and sentenced Cunningham to 20 years imprisonment. He appeals.

## DISCUSSION

Under the Act, an individual who transports a firearm in interstate commerce and has three previous convictions for a violent felony or a serious drug offense, "shall be fined not more than $25,000 and imprisoned not less than fifteen years...." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined in the Act as

> any crime punishable by imprisonment for a term exceeding one year that ... (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise

involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

We recently held in *United States v. Chatman*, 869 F.2d 525, 527 (9th Cir.1989), that the term "burglary" as defined in 18 U.S.C. § 924(e)(2)(B) means common law burglary, i.e., "the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." *See United States v. Headspeth*, 852 F.2d 753, 757 (4th Cir.1988).

Here, one of Cunningham's previous three convictions is an Oregon state conviction for second degree burglary. Under Oregon law, a person commits burglary in the second degree if he or she enters or remains unlawfully in a building with the intent to commit a crime therein. Or. Rev.St. 164.215(1). This crime may be proved without proving such elements of common law burglary as nighttime entry or that the building entered is a dwelling. *See, e.g., State v. Eaton*, 43 Or.App. 469, 602 P.2d 1159 (1979) (unoccupied building is not a dwelling and thus entry cannot support first degree burglary conviction, only second degree burglary conviction). Moreover, second degree burglary does not necessarily require behavior causing a serious potential risk to others. *Cf. Chatman*, 869 F.2d at 527 (possibility that theft from car may result in serious injury does not make all burglaries inherently dangerous crimes).

Because Cunningham's Oregon state conviction of second degree burglary does not fit the definition of burglary or violent crime contained in section 924(e)(2)(B)(ii), it cannot serve as a basis for sentence enhancement. *See Chatman*, 869 F.2d at 527–28. Accordingly, we VACATE Cunningham's sentence and REMAND to the district court for RESENTENCING.

SKOPIL, Senior Circuit Judge, and McKIBBEN, District Judge, concurring:

We concur in Judge Tang's opinion only because we are bound by the holding in *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989). *See Landreth v. Commissioner*, 859 F.2d 643, 648 (9th Cir.1988)

(absent en banc review or an intervening Supreme Court decision, a three judge panel's decision is binding). We write separately to express our belief that *Chatman* was wrongly decided and to encourage en banc review of this case to correct the error.

*Chatman* holds that the term "burglary" in 18 U.S.C. § 924(e)(2)(B) should be interpreted under its common law definition to mean "the breaking and entering of the dwelling house of another, in the nighttime with the intent to commit a felony therein." *Chatman*, 869 F.2d at 527. As Judge O'Scannlain ably explains in his dissent in *Chatman*, the majority's holding precludes the use of a burglary conviction for enhancement purposes in every jurisdiction in the Ninth Circuit. That is true because none of the jurisdictions within this circuit have retained the common law definition of burglary. Moreover, we have closed the door to a prosecutor's attempt to overcome *Chatman* by our rejection of individualized review of the underlying circumstances of a defendant's prior crime. *See United States v. Sherbondy*, 865 F.2d 996, 1009–10 (9th Cir.1988) (adopting a categorical approach rather a fact-specific inquiry of the circumstances of the particular criminal occurrence). Thus, *Chatman*, in our view, improperly rewrites the law by eliminating the crime of burglary from the federal statute. *See California v. Tahoe Regional Plan Agency*, 766 F.2d 1308, 1314 (9th Cir.1985) ("a statute should not be construed in a way that renders words or phrases superfluous").

One stated reason for the *Chatman* holding is that the panel sought to avoid "an unnecessary intercircuit conflict" with *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). In fact, however, a conflict already existed. Prior to *Chatman*, several circuits had held that burglary for purposes of the federal statute is to be defined by state law. *See United States v. Hill*, 863 F.2d 1575, 1581–82 (11th Cir.1989) (rejecting the use of the common law definition of burglary and adopting state law definition); *United States v. Dickerson*, 857 F.2d 414, 419 (7th Cir.1988) (applying state definition of burglary even if non-vio-

lent crimes are thereby included for purposes of sentence enhancement), *cert. denied*, — U.S. —, 109 S.Ct. 1753, 104 L.Ed.2d 189 (1989); *United States v. Portwood*, 857 F.2d 1221, 1223–24 (8th Cir.1988) ("the statute says 'burglary' and we take that to mean 'burglary,' however a state may choose to define it"). Moreover, subsequent to *Chatman*, all appellate courts have rejected application of a common law definition of burglary for purposes of the Armed Career Criminal Act. *See United States v. Patterson*, 882 F.2d 595, 603 (1st Cir.1989) (adopting generic definition of burglary); *United States v. Palmer*, 871 F.2d 1202, 1208 (3d Cir.1989) ("We agree with the government that the term 'burglary' must be given the generic definition...."); *United States v. Leonard*, 868 F.2d 1393, 1399 (5th Cir.1989) ("We conclude that a conviction for a crime which the state denominates 'burglary' is a conviction for burglary within the meaning of the [ACCA]."); *United States v. Taylor*, 864 F.2d 625, 626–27 (8th Cir.1989) (applying state definition of burglary). Thus, *Chatman* managed to avoid only a conflict with the Fourth Circuit while aligning the Ninth Circuit against all other circuits to address the issue. We should reexamine our position.