**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall Gene CUNNINGHAM,
Defendant–Appellant.**

**No. 88–3046.**

United States Court of Appeals,
Ninth Circuit.

Nov. 24, 1989.

Before TANG and SKOPIL, Circuit Judges, and McKIBBEN, District Judge.*

ORDER

Pursuant to G.O. 5.4(c)(4)(A) the petition for rehearing and the suggestion for rehearing en banc has been presented to the full court which has voted to reject the suggestion for rehearing en banc. Fed.R. App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

A dissent to the decision rejecting rehearing en banc authored by Circuit Judge O'SCANNLAIN and joined by Circuit Judges HALL, BRUNETTI, KOZINSKI, NOONAN, THOMPSON and TROTT is filed herewith.

---

* The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation.

O'SCANNLAIN, Circuit Judge, with whom Circuit Judges CYNTHIA HOLCOMB HALL, BRUNETTI, KOZINSKI, NOONAN, DAVID R. THOMPSON, and TROTT concur, dissenting from the order rejecting the suggestion for rehearing en banc.

By rejecting the government's suggestion to rehear this case en banc, the court lets stand an unfortunate and utterly needless hindrance to effective law enforcement. Congress has stated clearly, as a matter of national policy, that armed career criminals are a threat to the very health of our modern society. Sentence enhancement is the precise antidote identified by the legislative branch to deal with the problem nationwide. Nationwide except, it now becomes, for the states of Alaska, Arizona, California, Hawaii, Idaho, Montana, Nevada, Oregon, and Washington, plus the territories of Guam and the Northern Mariana Islands. Nationwide, that is, except for about twenty percent of the population of this country and half its land mass. For this court now rules that burglary convictions in nine states and two territories can no longer be taken into account to enhance sentences under the Armed Career Criminal Act of 1984. Because this ruling offends common sense, is contrary to express congressional intent, and contravenes the overwhelming weight of authority from other circuits, I respectfully dissent.

## I

Randall Cunningham was indicted on one count for possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Supp. V 1987). At the time of Cunningham's arraignment, the government filed an information alleging that he had three prior felony convictions for purposes of 18 U.S.C. § 924(e) (Supp. V 1987), which provides for enhanced sentences without parole where defendants, who are convicted under section 922(g)(1), have three or more previous convictions of a "violent felony." "Violent felony" is de-

fined to include "burglary." 18 U.S.C. § 924(e)(2)(B)(ii).

One of Cunningham's three prior convictions was an Oregon conviction for second-degree burglary. Under Oregon law, a person commits burglary in the second degree if he "enters or remains unlawfully in a building with intent to commit a crime therein." Or.Rev.Stat. 164.215(1) (1985). Over Cunningham's objection that second-degree burglary under Oregon law is not a "violent felony," the district court imposed an enhanced sentence of twenty years imprisonment.

A panel of this court reversed the district court and held that the Oregon burglary could not be counted as one of the three predicate felonies. The panel was relying on this court's recent decision in *United States v. Chatman*, 869 F.2d 525 (9th Cir. 1989), which held that the term "burglary" as used in 18 U.S.C. § 924(e)(2)(B)(ii) means common law burglary—"the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." *Id.* at 527. The *Cunningham* panel found that "[b]ecause [an] Oregon state conviction of second degree burglary does not fit the definition of burglary ... contained in section 924(2)(B)(ii) [sic], it cannot serve as a basis for sentence enhancement." *U.S. v. Cunningham*, 878 F.2d 311, 312 (9th Cir.1989). In other words, because a burglary might have occurred during the day in an office building, it cannot be counted.

Judges Skopil and McKibben specially concurred because they felt bound by *Chatman*. Both judges stated their belief that *Chatman* was wrongly decided, however, and they encouraged en banc review "to correct the error." *Cunningham*, at 312.

## II

Contrary to the court's decision in *Chatman*, now compounded by its decision in *Cunningham*, Congress never intended to limit the definition of "burglary" in 18 U.S.C. § 924(e) to common law burglary.[1]

---

**1.** The majority in *Chatman* erred because it misread the legislative history of section 924(e), and placed determinative weight on the fact that one of the House bills, H.R. 4768, limited the

As originally conceived, the Armed Career Criminal Act of 1984 defined "burglary" in broad, generic terms as "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense." 18 U.S.C.App. § 1202(c)(9) (1982 & Supp. II 1984) (repealed). The legislative history reveals why the broad definition was chosen:

> Robberies and burglaries are the most damaging crimes to society. Robberies and burglaries occur with far greater frequency than other violent felonies, affect many more people, and cause the greatest losses. A person is forty times more likely to be a victim of robbery than of rape.
>
> *   *   *   *   *   *
>
> Burglaries involve invasion of [innocent individuals'] homes *or workplaces,* violation of their privacy, and loss of their most personal and valued possessions.
>
> *   *   *   *   *   *
>
> Most robberies and burglaries are committed by career criminals ... [who] commit robberies and burglaries interchangeably.

H.R.Rep. No. 1073, 98th Cong., 2d Sess. 3 (1984) (statement of Sen. Specter) (emphasis added).

The Career Criminal Amendments Act of 1986 eliminated the preexisting definition and provided no substitute. But the Amendment's legislative history shows that Congress intended to *broaden* rather than to restrict the number of offenses which would give rise to sentence enhancement. Senator Arlen Specter, who introduced the original career criminal bill, understood that the amendment would serve to "broaden the definition [of career criminal] so that we may have a greater sweep and more effective use of this important statute." *Armed Career Criminal Act Amendments: Hearing on H.R. 4639 and H.R. 4768 Before the Subcomm. on Crime of the House Comm. on the Judiciary,* 99th Cong., 2d Sess. 44 (1986). To achieve this goal, the Bill "broaden[ed] the so-called predicate crimes to include drug violations and certain other serious violent acts." 132 Cong.Rec. 7697 (1986) (statement of Sen. Specter). Representative Ron Wyden, the sponsor of H.R. 4639 (a House bill which was a precursor of the amendment), explained that while the Act had been a success, it "would be much more effective if the predicate offenses were *extended beyond* robbery and burglary to include crimes of violence and serious drug offenses." *Armed Career Criminal Act Amendments: Hearing on S. 2312 Before the Subcomm. on Criminal Law of the Senate Comm. on the Judiciary,* 99th Cong., 2d Sess. 6 (1986) (emphasis added).

Congress thus intended that burglary, as defined under the Armed Career Criminal Act of 1984, would continue to serve as a predicate offense. Moreover, Congress intended to *expand* the number and variety of offenses which would give rise to sentence enhancement under the Act. There is absolutely no indication that Congress sought to restrict the offenses giving rise to sentence enhancement. *See United States v. Hill,* 863 F.2d 1575, 1580 (11th Cir.1989). This court's decision to introduce such a restriction for the nine western states and two Pacific territories flies in the face of the will of Congress.

definition of "violent felony" to crimes involving "the use, attempted use, or threatened use of physical force against the person of another." 869 F.2d at 527–28. *See also United States v. Headspeth,* 852 F.2d 753, 756–58 (4th Cir.1988). Even under this definition of "violent felony," burglary surely must be included. Burglary is a crime that, by its nature, involves a substantial risk of physical force against the person of another.

The Fourth Circuit in *Headspeth,* in deciding that Maryland's "storehouse breaking" offense did not constitute "burglary" under section 924(e) as amended, limited "burglary" to its common law definition. At least *Headspeth,* unlike *Chatman,* has the merit of not rendering that part of the Armed Career Criminal Act a dead letter within its Circuit's boundaries. Two of the five states comprising the Fourth Circuit seem to retain in their "burglary" statutes all the elements of the common law crime. Indeed, they are the only two such states nationwide. *See Chatman,* 869 F.2d at 530 (O'Scannlain, J., dissenting).

## III

All circuit courts of appeals which have decided the issue since *Chatman* have held that the term "burglary" is not limited to its common law definition. These courts take two approaches to the issue. Three circuits simply carry forward the express definition of "burglary" contained in the original version of section 924(e). *See Hill*, 863 F.2d at 1581–82;[2] *United States v. Dombrowski*, 877 F.2d 520, 530 (7th Cir. 1989); *United States v. Palmer*, 871 F.2d 1202, 1208 (3d Cir.1989).

The other approach is the one I recommended in my dissent in *Chatman*—to treat section 924(e) as applicable to any felony defined as "burglary" under state law. *See Chatman*, 869 F.2d at 530–31 (O'Scannlain, J., dissenting). Both the Fifth and Eighth Circuits take this tack. *See United States v. Quintero*, 872 F.2d 107, 115 (5th Cir.1989); *United States v. Taylor*, 864 F.2d 625, 626–27 (8th Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 231, 107 L.Ed.2d 183 (1989).

Defendant Cunningham's Oregon second-degree burglary conviction would qualify as a predicate crime under either of the rationales adopted by these five courts.

## IV

By refusing to take *Cunningham* en banc, this circuit reaffirms its commitment to a medieval anachronism rejected by every state legislature in this circuit. Congress never intended ancient notions of common law pleading to control crime fighting in the twentieth century. Let us hope that the states of the Ninth Circuit do not become a haven for armed career criminals beyond the reach of the deliberate sentence enhancement policy set by Congress.

**2.** A subsequent decision of the Eleventh Circuit applying this principle is awaiting certiorari consideration by the Supreme Court in a petition filed by the convicted defendant urging reversal based on, *inter alia,* our *Chatman* decision. *Carter v. United States,* 872 F.2d 434 (11th Cir.1989), *petition for cert. filed,* No. 88–7307 (May 22, 1989).