UNITED STATES of America,
Plaintiff–Appellant,

v.

Michael Eugene HARKEY,
Defendant–Appellee.

No. 89–30057.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 1989.[*]

Decided Dec. 4, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth     Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Andrew Levchuk, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Ephraim Margolin, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider whether the district court properly refused to sentence Michael Eugene Harkey under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Harkey was found guilty by a jury of being a felon illegally possessing a firearm, a violation of 18 U.S.C. § 922(g)(1). The government urged the court to enhance his sentence under the ACCA, arguing that his five prior convictions qualified as the basis of sentence enhancement.[1] In a published opinion, Judge Quackenbush held that second degree burglary, as defined in Wash. Rev.Code § 9A.52.030, does not qualify as a basis for sentence enhancement under the ACCA. *United States v. Harkey*, 709 F.Supp. 977, 985 (E.D.Wash.1989). He was sentenced to five years imprisonment. The government appeals. We affirm.

## ANALYSIS

The ACCA provides that a person convicted of § 922(g) who also has three prior convictions for a violent felony shall be imprisoned not less than fifteen years. 18 U.S.C. § 924(e)(1). Violent felony is defined in the ACCA as a crime punishable by imprisonment for longer than a year that:

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(ii).

This court held recently that Congress intended the term burglary in the ACCA to have its common law meaning. *United States v. Chatman*, 869 F.2d 525, 527 (9th

---

1. Harkey's priors are two first degree and three second degree burglary convictions under Washington law.

Cir.1989).[2] There we defined common law burglary as "breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." *Id.* A burglary conviction under a state statute that allows conviction without proving the elements of common law burglary can never qualify as a burglary conviction for purposes of the ACCA. *Id.* at 530; *see United States v. Cunningham,* 878 F.2d 311, 312 (9th Cir.1989) (Oregon second degree burglary convictions are impermissible bases for sentence enhancement).

Three of Harkey's priors are for second degree burglary. Under Washington law one commits second degree burglary if he enters or remains unlawfully in a building with the intent to commit a crime therein. Wash.Rev.Code § 9A.52.030(1). Such a conviction can result without proving the common law elements of burglary. Harkey's convictions do not qualify to serve as the basis for sentence enhancement under the ACCA. *Cf. Cunningham,* 878 F.2d at 312 (Oregon second degree burglary).

■ The government argues alternatively that, even if Harkey's prior convictions are not "burglary" for purposes of the ACCA, the crimes still qualify under the definition of "violent felony". However, the Washington statute contains no reference to conduct creating a serious potential risk of injury to another. *See id.*

Because the Washington second degree burglary statute under which Harkey was convicted neither fits the common law definition of burglary nor constitutes a violent crime under the ACCA, it cannot serve as the basis for sentence enhancement.

AFFIRMED.

---

**2.** The government urges us to consider the holding in *Chatman* dicta, or alternatively, suggests that we decline to follow it. We pronounced in *Chatman:* "we hold that, by leaving the term burglary undefined, Congress intended it to have its common law meaning". 869 F.2d at 527. This is not dicta, nor may we decline to follow it. *See Landreth v. Commissioner,* 859 F.2d 643, 648 (9th Cir.1988) (absent en banc review or an intervening Supreme Court decision, a three judge panel's decision is binding).

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).