**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randall Gene CUNNINGHAM, Defendant–Appellant.**

No. 88–3046.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1990.

David K. Allen, Allen & Allen, Portland, Or., for defendant-appellant.

Stephen F. Peifer, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before TANG and SKOPIL, Circuit Judges, and McKIBBEN,* District Judge.

PER CURIAM:

This matter returns to us following an order from the United States Supreme Court. *See United States v. Cunningham,* —— U.S. ——, 110 S.Ct. 2580, 110 L.Ed.2d 261 (1990). The Court vacated our prior opinion, *United States v. Cunningham,* 878 F.2d 311 (9th Cir.1989), and remanded for our further consideration in light of *Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In our prior opinion we reversed the district court's imposition of an enhanced criminal sentence under the Armed Career Criminal Act, 18 U.S.C. § 924 (1988). *Cunningham,* 878 F.2d at 312. In light of *Taylor,* we must now affirm that sentence.

Randall Cunningham was indicted on one count of being a felon in illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government sought an enhanced sentence, charging that Cunningham had three prior felony convictions. Under the Armed Career Criminal Act, an individual who transports a firearm in interstate commerce and has three previous convictions for a violent felony or a serious drug offense "shall be fined not more than $25,000 and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Cunningham argued to the district court that his prior Oregon state conviction for second-degree burglary should not be considered because it was not a "violent felony." The district court rejected Cunningham's argument and imposed a sentence of twenty years' imprisonment.

On appeal we noted that the statute defines "violent felony" to include "burglary." *Cunningham,* 878 F.2d at 312 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). Nevertheless, we concluded that Cunningham's second-degree burglary conviction could not be used for enhancement purposes because we had previously held that Congress intended the term "burglary" in the Act to mean only common law burglary. *Id.* (citing *United States v. Chatman,* 869 F.2d 525, 527 (9th Cir.1989)). Under Oregon law a person commits burglary in the second-degree if he or she "enters or remains unlawfully in a building with intent to commit a crime therein." Or.Rev.Stat. § 164.215(1). Because Oregon's second-degree burglary statute does not contain all of the elements of common law burglary, we concluded that we were compelled to vacate Cunningham's enhanced sentence. *Cunningham,* 878 F.2d at 312.

After our decision in *Cunningham,* the Supreme Court rejected the use of the common law definition of burglary for determining whether sentence enhancement is proper under section 924(e). *Taylor,* 110 S.Ct. at 2158. The Court adopted a "generic" definition of burglary, concluding that "a person has been convicted of burglary

---

* The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation.

for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* Since Oregon defines the elements of second-degree burglary in virtually identical fashion, we conclude that Cunningham's second-degree burglary conviction was properly considered for purposes of sentence enhancement under the Armed Career Criminal Act. Accordingly, the district court did not err in imposing an enhanced sentence.

AFFIRMED.