912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George BOSTIC, Defendant-Appellant.
 No. 89-5621.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1990.
Decided Aug. 31, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-88-298)
 John Herman Hare, Federal Public Defender's Office, Columbia, South Carolina, for appellant.
 Alfred William Walker Bethea, Assistant United States Attorney, Columbia, South Carolina, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Bostic was convicted of one count of conspiracy and two counts of aiding and abetting a person who possessed a Schedule II controlled substance (cocaine) with the intent to distribute. 21 U.S.C. Secs. 841 and 846. Bostic received three concurrent 41-month sentences. He now appeals those convictions.
 
 
 2
 Bostic's attorney filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967). Bostic then filed a supplemental brief in which he raises approximately 10 ineffective assistance claims in addition to four claims of error he attributes to the district court. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm the judgment of conviction.
 
 
 3
 Bostic's ineffective assistance claims need not be addressed by this Court. Ineffective assistance claims should be raised in a 28 U.S.C. Sec. 2255 petition and not on direct appeal unless it conclusively appears that the defendant was not provided effective representation. United States v. Fisher, 477 F.2d 300 (4th Cir.1973). Because Bostic has failed to conclusively demonstrate that he was denied effective representation, we need not consider those claims here.
 
 
 4
 Bostic claims that the district court erred by allowing the jury to rely upon the prosecutor's written transcripts instead of audiotapes of drug transactions. The appraisal of the probative or prejudicial value of evidence is entrusted to the sound discretion of the trial court and its appraisal, absent extraordinary circumstances, will not be disturbed. United States v. McDonald, 688 F.2d 224 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). Here, Bostic has failed to show any extraordinary circumstances which justify disturbing the district court's exercise of discretion in allowing the state to use the transcripts.
 
 
 5
 Bostic also claims that the district court erred by failing to define "reasonable doubt" when instructing the jury, charging the jury to accept a witness' testimony as true, and failing to instruct the jury that Bostic's "mere presence" was not sufficient to support a conviction. District courts are not to attempt to define "reasonable doubt" absent a specific request from the jury itself. United States v. Headspeth, 852 F.2d 753 (4th Cir.1988). Because the district court received no request for clarification of this term from the jury, it did not err in not defining "reasonable doubt." As to Bostic's other claims, our review of the record reveals that the district court did not charge the jury to accept any witness' testimony as true, and that it otherwise properly charged the jury.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 7
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 8
 AFFIRMED.