**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Michael Eugene HARKEY, Defendant–Appellee.**

No. 89–30057.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 1, 1989.

Opinion Filed Dec. 4, 1989.

Opinion Withdrawn Jan. 4, 1991.

Filed Jan. 4, 1991.

Andrew Levchuk, United States Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Ephraim Margolin, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

### ORDER

In our opinion filed December 4, 1989, cited at 890 F.2d 1082, we affirmed the sentence given by the district court, holding that a conviction under Washington's second degree burglary statute could not serve as a basis for sentence enhancement. The district judge had relied on prior Ninth Circuit authority in *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989) and *United States v. Cunningham*, 878 F.2d 311 (9th Cir.1989).

The government petitioned for rehearing, suggesting that further action be withheld pending the decision by the Supreme Court in *Taylor v. United States*. Our order of March 15, 1990 deferred action on the government's petition. Thereafter the Supreme Court rendered its decision in *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

*Taylor* held that, for the purposes of enhancement under 18 U.S.C. § 924(e), burglary includes any unlawful entry in "a *building* or structure, with the intent to commit a crime." *Id.* at 2158 (emphasis added). The Washington statute defines burglary broadly to include entry into places other than buildings. Wash.Rev. Code § 9A.04.110(5). All of the prior burglary convictions relied upon by the government here involved entry into buildings.[1] Given that, it appears that Harkey's prior burglary convictions should have

---

1. In reaching our decision, we have relied upon copies of the underlying informations which were appended to the "Government's Response to Opposition to Petition for Panel Rehearing." Nothing in this order is intended to preclude the district court from entertaining objections to those documents or from receiving other evidence, within the strictures of *Taylor*, and reaching a conclusion regarding the convictions based upon the evidence then before it.

been considered for the purpose of sentencing enhancement. *See United States v. Cunningham,* 911 F.2d 361 (9th Cir.1990).

Our opinion of December 4, 1989 is withdrawn. The government's petition for rehearing is granted. The cause is remanded to the district court for resentencing.