**UNITED STATES of America**

v.

**Stanley WHITTAKER.**

**Crim. No. 89–31–01.**

United States District Court,
D. Vermont.

June 28, 1989.

---

John M. Conroy, Asst. U.S. Atty., Burlington Vt., for plaintiff.

Barry Griffith, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

This matter was heard by the Court on June 14, 1989. Defendant waived his right to jury trial. Prior to hearing, counts 3 and 4 of the indictment were dismissed on motion of the government. The matter then proceeded to hearing on counts 1 and 2 of the indictment.

Count 1 charges that:

(1) On or about February 23, 1976, defendant was convicted, in a court in the Commonwealth of Massachusetts, of a crime punishable for a term exceeding one year, to wit, breaking and entering in the nighttime with intent to commit a felony.

(2) On or about August 12, 1976, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, breaking and entering a building in the nighttime, with intent to commit a felony.

(3) On or about July 27, 1977, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, breaking and entering a building in the nighttime, with intent to commit a felony.

(4) On or about November 2, 1977, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, breaking and entering a building in the nighttime with intent to commit a felony.

(5) On or about May 17, 1982, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, breaking and entering a building in the nighttime with intend to commit a felony.

(6) On or about August 22, 1983, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, stealing a motor vehicle.

(7) On or about December 6, 1984, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, escaping from a penal institution.

(8) On or about September 3, 1987, defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly receive a firearm, to wit, a Raven .22 caliber handgun, model MP 25, Serial Number 1284168, which firearm had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Count 2 charges that on or about September 3, 1987, the defendant, in connection with the acquisition and attempted acquisition of a firearm, to wit, a Raven .22 caliber handgun, model MP 25, Serial Number 1284168 from Sam's Army & Navy Store, Brattleboro, Vermont, a federally licensed firearm dealer, did knowingly make a false written statement intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale and disposition of such firearm, to wit, that he had not been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, when, in truth and fact the defendant had previously been convicted of crimes punishable by terms of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(a)(6).

The United States gave notice of its intention to seek an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1) upon conviction of Count I.

Upon consideration of the oral evidence and exhibits, the Court finds as follows:

On September 3, 1987, defendant went to Sam's Army & Navy Store in Brattleboro, Vermont, a federally licensed firearms dealer. (Government's Exhibit 1.) At that time defendant looked over two pistols, a Jennings, and a Raven .22 caliber. Since the Raven firearm was less expensive, defendant decided to purchase it. He stated at the time that things were going on, and he felt comfortable with a gun. The sales clerk showed him the gun, the defendant actually handled it, and then returned it to the sales clerk, who took it to the counter where he boxed it. The salesman then asked defendant for verification of his Vermont residency. Defendant showed him his Vermont driver's license. The sales clerk then gave defendant an ATF form 4473. (Government's exhibit 9.) The defendant read and executed the form, in the presence of the sales clerk, at the same time writing in answers to various questions. Specifically, he answered "No" to the question "Have you been convicted in any court for a crime punishable by imprisonment for a term exceeding one year?" The sales clerk then made out a sales slip, gave it to defendant, together with the Raven pistol, which defendant took to the cashier and then paid $51.88.

On September 22, 1987, defendant returned to Sam's Army & Navy store, and desired to return the Raven pistol, since he stated he could not afford it. Defendant was advised that the gun was now used, but that the store could offer defendant the sum of $20.00, which the defendant accepted. (Government's Exhibit 12.) The Raven .22 caliber gun was originally purchased by Sam's Army & Navy Store from Northeast Gun and Supply Company of Bellerica, Massachusetts. (Government's exhibit 10.) The Raven handgun was manufactured by the Raven Arms Company of California some time after 1970.

Defendant was convicted in a court in the Commonwealth of Massachusetts on May 23, 1976 of breaking and entering in the nighttime with intent to commit a larceny, and was sentenced to the House of Correc-

tions for six months. (Government's Exhibit 2.) The evidence fails to disclose what the actual facts of the breaking and entering were, and does not indicate what type of building defendant entered.

On August 12, 1976, defendant was convicted of breaking and entering in the nighttime of a shop building, located at 100 Broadway, Boston, Massachusetts, with intent to commit a felony—larceny, and actually took one roll of pennies from a locked cash register. Defendant was sentenced to the House of Corrections for two years, the sentence was suspended and defendant was placed on probation. (Government's Exhibit 3.)

On July 27, 1977, in the Boston Municipal Court, defendant was convicted of breaking and entering in the nighttime of a building at 6 Beacon Street, Boston, Massachusetts, owned by Nicholas Elias, with intent to commit the felony of larceny. The breaking and entering had occurred on July 9, 1977. Defendant was sentenced in connection with the conviction to the House of Corrections for a period of two years. (Government's Exhibit 4.)

On November 2, 1977, in the Superior Court of the Commonwealth of Massachusetts, defendant was convicted of breaking and entering in the nighttime a building belonging to Nicholas Elias, with intent to commit felony larceny, and defendant was sentenced to one year in the House of Corrections. (Government's Exhibit 5.) The breaking and entering on this conviction also occurred on July 9, 1977. From the record, this conviction appears to be an appeal from the Municipal Court conviction of July 27, 1977.

On May 17, 1982, defendant was convicted of breaking and entering in the nighttime a building at 100 Broadway, Boston, Massachusetts, with intent to commit a felony—larceny, and was sentenced to one year at the House of Corrections. (Government's Exhibit 6.)

On August 22, 1983, defendant was convicted of stealing a Ford pick-up truck and camper from the Prudential Garage, Boston, Massachusetts, and was sentenced to

one year at the House of Corrections. (Government's Exhibit 7.)

On December 6, 1984, defendant was convicted of escape from a penal institution by failure to return from a granted furlough, and was sentenced to the House of Corrections for three months. (Government's Exhibit 8.)

The Court having found that the essential elements of the violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(a)(6) as charged in the indictment have been proven beyond a reasonable doubt:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant is found guilty of Count I of the indictment.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that defendant is found guilty of Count II of the indictment.

Defendant has seven (7) prior felony convictions. The United States government indicated that it would seek a sentencing enhancement pursuant to 18 U.S.C. § 924(e)(1). That section of the Code establishes a mandatory minimum sentence of 15 years for any person convicted of violating 18 U.S.C. § 922(g) who has three or more prior convictions for a "violent felony". 18 U.S.C. § 924(e)(2)(B) defines a violent felony as follows:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Defendant argues that none of his prior convictions fall within the enhancement statute's definition of "violent felony". Since defendant's prior convictions for stealing a motor vehicle and for failure to return from furlough are not encompassed by the statutory definition, the dispute in this case centers on the five breaking and entering convictions. The question is whether these convictions constitute "burglary" as that term is used in the statute, or whether they fall within the catch-all provision as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Section 924(e) does not define burglary, and the legislative history is at best inconclusive. Two circuits have held that Congress must have intended the common law meaning—*i.e.*, the breaking and entering of the dwelling of another at night, with the intent to commit a felony. *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989); *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). *But see United States v. Hill*, 863 F.2d 1575 (11th Cir.1989).

Recently, however, in considering the exact question at issue here, the First Circuit declined to follow *Headspeth*. After extensive review of the legislative history, the court stated that it "frankly cannot divine how Congress intended to define burglary." *United States v. Patterson*, 882 F.2d 595, 604 (1st Cir.1989). This Court shares the First Circuit's uncertainty as to the intended meaning of burglary; in the absence of controlling authority in this Circuit, we decline to adopt any particular interpretation of the term, as the case may be resolved on other grounds.

Defendants prior convictions for breaking and entering, even if not "burglary" under the statute, may satisfy the enhancement provision if they "involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Defendant's prior convictions involve violations of Mass.Gen. Laws Ann. ch. 266, § 16. That statute defines an offense much broader than the common law definition of burglary. For instance, the convictions on July 27, 1977 and November 2, 1977, appear to be one and the same offense and indicate that the breaking and entering was into a shop. The other three breaking and entering convictions describe breaking and entering into a building or shop, but do not indicate the exact nature of the structure. Although none of the breaking and enterings oc-

110

curred at a dwellinghouse, the First Circuit, in considering the exact statute at issue here, determined that "[t]he conduct proscribed ... poses a potential for a sudden eruption of violence." *Patterson*, at 604. The court thus concluded that conviction under Mass.Gen. Laws Ann. ch. 266, § 16 does constitute a "violent felony" for enhancement purposes under 18 U.S.C. § 924(e)(1).

We are persuaded by the reasoning of the First Circuit. Although breaking and entering may start out as a nonviolent crime, the burglar may resort to violence if someone is on the premises or appears during the course of the burglary. Given the First Circuit's special familiarity with the laws of Massachusetts, we find the reasoning of *Patterson*, although not binding, to be compelling. We therefore hold that defendant's convictions under Mass.Gen. Laws Ann. ch. 266, § 16 may be used for enhancement under 18 U.S.C. § 924(e)(1).

SO ORDERED.