UNITED STATES of America, Appellee,

v.

**Stanley C. WHITTAKER, Defendant–Appellant.**

No. 1039, Docket 89–1613.

United States Court of Appeals, Second Circuit.

Argued April 17, 1990.

Decided June 22, 1990.

Barry E. Griffith, Rutland, Vt., for defendant-appellant.

John M. Conroy, Burlington, Vt., Asst. U.S. Atty., D. Vt. (George J. Terwilliger, III, U.S. Atty., D. Vt., David V. Kirby, Chief, Cr. Div., of counsel), for appellee.

Before TIMBERS, PRATT, and MINER, Circuit Judges.

PER CURIAM:

This case presents an issue of first impression in this circuit: whether breaking and entering into commercial buildings with felonious intent constitutes burglary for purposes of sentence enhancement under the Career Criminals Amendment Act of 1986, 18 U.S.C. § 924(e). Chief Judge Franklin S. Billings of the United States District Court of Vermont imposed a mandatory minimum 15 year term of imprisonment on defendant Stanley Whittaker pursuant to § 924(e) after he found that Whittaker had been convicted of four prior violent felonies for breaking and entering into commercial buildings. 715 F.Supp. 106. Following *Taylor v. United States,* — U.S. —, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (U.S.1990), we hold that breaking and entering into a commercial establishment with felonious intent constitutes burglary for purposes of § 924(e) enhancement. Therefore, we affirm the enhancement of Whittaker's sentence.

On September 3, 1987, Stanley Whittaker purchased a .22 caliber pistol from a licensed firearms dealer. On the transaction record form, he falsely answered that he had never been convicted of a felony. In fact, between 1976 and 1982, he had been convicted of four felonies in Massachusetts for breaking and entering into commercial

---

** Editor's Note: Changes have been incorporated into the decision published at 898 F.2d 852.

establishments. Charged in federal court, Whittaker was convicted of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) and of making a false written statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6).

Prior to sentencing, the government moved for an enhanced sentence under 18 U.S.C. § 924(e) which mandates a 15 year minimum sentence for a felon who is convicted of possession of a firearm when his prior convictions include three or more "violent felonies". A "violent felony" is defined as one that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

At sentencing, Whittaker contended that because Congress had removed the definition of burglary from the amended act, it intended to limit the term "burglary" to its common law definition: breaking and entering into the dwelling house of another at night with felonious intent. *See, e.g., United States v. Chatman*, 869 F.2d 525, 529 (9th Cir.1989); *United States v. Headspeth*, 852 F.2d 753, 758 (4th Cir.1988). Thus, he argued, his prior convictions for breaking and entering into commercial establishments could not serve as the basis for enhancing his sentence.

In opposition, the government asserted that Congress' omission of a definition for burglary was inadvertent and that the term "burglary" meant "breaking and entering with felonious intent", as it had been defined in the original version of the act. *See, e.g., United States v. Taylor*, 882 F.2d 1018, 1028 (6th Cir.1989), *vacated*, — U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (U.S. 1990); *United States v. Dombrowski*, 877 F.2d 520, 530 (7th Cir.1989); *United States v. Palmer*, 871 F.2d 1202, 1208 (3rd Cir. 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989); *United States v. Hill*, 863 F.2d 1575, 1581–82 (11th Cir. 1989).

The district court rejected both arguments and chose to rely on *United States v. Patterson*, 882 F.2d 595 (1st Cir.1989),

*cert. denied*, — U.S. ——, 110 S.Ct. 737, 107 L.Ed.2d 755 (1990). There, the first circuit declined to adopt any particular interpretation because of its uncertainty as to congressional intent about the meaning of the term "burglary". *Id.* at 604. Instead, it held that a conviction for breaking and entering constituted a violent felony for purposes of enhancement under the "catch-all" clause of the provision. *Id.*

Following *Patterson*, Chief Judge Billings held that Whittaker's prior convictions involved conduct presenting "a serious potential risk of physical injury to another" and therefore enhancement was proper. He sentenced Whittaker to 15 years in prison on the possession count and to a concurrent sentence of 5 years imprisonment for the false statement offense. Whittaker now appeals the enhanced sentence.

Fortunately, we need neither face nor resolve Chief Judge Billings's dilemma. After Whittaker's sentencing but before his argument on appeal, the Supreme Court granted certiorari to decide the meaning of the term "burglary" under § 924(e). In *Taylor v. United States*, the Court held that "a person has been convicted of burglary for purposes of § 924(e) enhancement if he is convicted of any crime * * * having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." — U.S. ——, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (U.S.1990).

Whittaker admits that, at the time of his conviction here, he had been previously convicted of at least three felonies for breaking and entering into commercial establishments with the intent to commit larceny. Thus, he had three prior convictions for burglary, a violent felony under § 924(e), and was properly subject to the enhancement.

Affirmed.