[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO VACATE AND DISSOLVE PREJUDGMENT ATTACHMENTS
The issue raised by these Motions to Vacate and Dissolve is whether the pre judgment remedy statute used by the plaintiff, namely Conn. Gen. Stat. 52-278f, providing for waivers in commercial transactions, violates procedural due process and is, therefore, unconstitutional under the United States and Connecticut constitutions. The court concludes that the statute does not violate procedural due process and, accordingly, the prejudgment attachments obtained in this case are valid.
The plaintiff, Country Lumber, Inc., alleges in its complaint CT Page 3327 that it sold and delivered to the defendants, Theodore G. Sarris [Sarris], George A. Patrick, Dennis J. Regan and Chatham Development Associates, lumber and other construction materials for the price of $87,915.31. The plaintiff alleges that the defendants have paid $56,466.46, leaving a balance of $31,448.85 plus interest and attorney's fees.
On December 12, 1990, the plaintiff's attorney issued a writ of attachment with a one-count complaint. The writ, issued on November 2, 1990, sought a prejudgment remedy as to the "goods or estate" of the defendants. In the complaint, the plaintiff alleges that the defendants waived their right to prejudgment remedy notice and hearing in the credit applications which they signed. Copies of the applications are incorporated in the complaint. The pertinent provisions of the credit applications involved read as follows:
 "4. The undersigned does certify that this is a Commercial Transaction and waives all rights under the provisions of Chapter 903a of the Connecticut General Statutes including the right to a notice and hearing of any Pre-Judgment Remedy, in the event Country Lumber, Inc. brings suit against the undersigned for default of payment. (Exhibit A)"
 "4. I (we) hereby waive my (our) right to a notice and hearing of any Pre-Judgement Remedy under the provisions of Chapter 903a, Section S/B 52-278a-h and following of the Connecticut General Statutes, as amended, in the event COUNTRY LUMBER, INC. brings suit against me (us) for default of payment (Exhibit B)."
The defendants were served with the writ and complaint on December 6, 1990. Various parcels of real estate belonging to the defendants were attached on November 14, 1990.
On January 4, 1991, the defendant Sarris moved to vacate the prejudgment attachment claiming that the waiver statute which enabled the plaintiff's attorney to attach the defendants' property violates the due process guarantees of the United States and Connecticut constitutions. Sarris argues that despite the defendants' waiver of notice and hearing, it is unconstitutional to allow any attachment without any "judicial consideration of the validity of the proposed attachment". On January 7, 1991 the remaining defendants moved to dissolve or modify the attachment on the same ground as the defendant Sarris. The court, Schaller, J., heard Sarris' motion, without opposition, at a hearing on January 14, 1991, and granted it on January 22, 1991. On January 31, 1991, the plaintiff moved to reargue the motion, representing that it did not receive notice of the hearing until the day after it was held. Counsel for the defendant, Sarris, did not object to CT Page 3328 the motion to reargue.
The court has discretion to rehear argument on a motion. See Ideal Financing Association v. LaBonte, 120 Conn. 190, 192 (1935). Under the circumstances of this case, the court will reconsider the decision on the motion to vacate in addition to deciding the motion to dissolve of the other defendants.
It is apparent that the plaintiff attached the defendants' property pursuant to Conn. Gen. Stat. 52-278f (1991)[1] of the Prejudgment Remedies Act, which provides:
 Effect of waiver of notice and hearing in commercial transactions. In an action upon a commercial transaction, as defined in section 52-278a, wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that the complaint shall set forth a copy of the waiver.
The defendants do not dispute that the transaction between the parties is a commercial transaction under 52-278a
("`Commercial transaction' means a transaction which is not a consumer transaction. "Consumer transaction' means a transaction in which a natural person obligates himself to pay for goods sold or leased, services rendered or moneys loaned for personal, family or household purposes.")
The defendants also do not dispute that they waived their "right to a notice and hearing of any Pre-Judgment Remedy [PJR] under the provisions of Chapter 903a, Section S/B 52-278a-h and following of the Connecticut General Statutes, as amended, in the event COUNTRY LUMBER, INC. brings suit against . . . (us) for default of payment." See Exhibits A and B.
Nonetheless, defendants argue that the statute is unconstitutional because it converts a waiver of notice and a hearing "into a waiver of any judicial review of the matter. . . . That leap is not validly made in light of the stricture on attachment — even those issued after judicial review but ex parte." The defendants attach a copy of Pinsky v. Duncan,898 F.2d 852 (2nd Cir. 1990), modified in 907 F.2d 18 (2nd Cir.), cert. granted, ___ U.S. ___, and assert that it provides the basis for determining that 52-278f is unconstitutional.
In Pinsky, the Court of Appeals held 52-278e of the Connecticut General Statutes unconstitutional because that statute CT Page 3329 allows a plaintiff to attach ex parte a defendant's real and personal property in the absence of extraordinary circumstances when the plaintiff presents an affidavit to the court alleging the factual basis for the attachment. The court also held the statute unconstitutional because the plaintiff need not post a bond or other security before obtaining the attachment.
Pinsky does not control this case because the reasoning of the court in holding 52-278e unconstitutional does not apply to52-278f.
Moreover, the court notes that the state action present in Pinsky (under 52-278e the judge allows the plaintiff to issue the attachment writ after reviewing the affidavit) is not present in the operation of the statute at issue because there is no court hearing and no court order approving or issuing the attachment. The 14th amendment of the U.S. Constitution is designed to protect against action by the state. Flagg Brothers, Inc. v. Brooks,436 U.S. 149 (1978). For that reason, 52-278e cannot be considered unconstitutional under the U.S. Constitution.
However, the statute must be analyzed under the state constitution, Art. 1, 10, which the Connecticut Supreme Court has held to "impose similar constitutional limitations" as the14th Amendment to the U.S. Constitution. Roundhouse Construction Corp. v. Telesco Masons Supplies Co., 168 Conn. 371, 374 (1975).
It is important to note that 52-278f does not, on its own, prevent a defendant from obtaining notice and a hearing before the PJR attaches. The defendant waives in writing the right to receive notice and a hearing, which the defendant could otherwise have under 52-278a-g. "Except in exceptional circumstances; General Statutes 52-278e and 52-278f (Rev. to [1975]); a preliminary hearing is mandated." Ledgebrook Condominium Assn., Inc. v. Lusk Corp., 172 Conn. 577, 582 (1977).
"There are two exceptions to the general procedural due process requirements in commercial cases: waiver and emergency." Rotunda, Novak and Young, Treatise on Constitutional Law, Ch. 17.9, p. 287 (1986 Supp. 1990). "The due process rights to notice and hearing prior to a civil judgment are subject to waiver." D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 185
(1972) [citing National Equipment Rental, Ltd. v. Szukhent,375 U.S. 311 (1964) and Boddie v. Connecticut, 401 U.S. 371 (1971)]. See also Burka v. New York City Transit Authority, 744 F. Sup. 63,65 (S.D.N.Y. 1990) ("Due process rights can be waived when there is clear and compelling evidence of a voluntary, knowing and intelligent waiver.").
It is clear that the defendants could argue the validity of CT Page 3330 the waiver, i.e., whether the contract was one of adhesion or whether the waiver is unconscionable. However, the defendants have chosen not to argue the validity of the waiver in this motion
"Th[e] effective opportunity to be heard is the gravamen of the currently accepted standards of procedural due process in the area of property rights as prescribed in the United States Supreme Court landmark cases. . . ." Roundhouse, 168 Conn. at 377 (citations omitted). The defendants were given the opportunity to be heard but waived that right.
Additionally, the statute, in providing for the possibility of waiving notice and the initial hearing, does not preclude the defendants from requesting the court to dissolve or modify the attachment, as the defendants have done, although choosing to limit their claims to the constitutional ground.
For the foregoing reasons, the court determines that the defendants have failed to meet their heavy burden in attempting to establish that 52-278f of the Connecticut General Statutes violates the due process requirements of the federal and state constitutions. General Electric Supply Co. v. SNET Co, 185 Conn. 583,593 (1981); Roundhouse, 168 Conn. 371, 385 (1975); Contra, People's Bank v. Pepburn, 3 CTLR 276 (Pickett, J., February 6,: 1991). Accordingly, the prejudgment attachments of real estate owned by the defendants were properly made and may be maintained.
The Motions to Vacate and Dissolve are denied.
Barry R. Schaller, Judge
[1] [EDITORS' NOTE: FOOTNOTE 1 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE IT IS NOT DISPLAYED IN THE ONLINE VERSION.]