[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Charles Klewin moves to dissolve a prejudgment attachment levied upon his property pursuant to Conn. Gen. Stat. Sec. 52-278f on the grounds that (1) Klewin signed the promissory note which is the subject of this action as general partner and therefore is not bound in his capacity as a guarantor by the commercial waiver provision which he signed in his personal capacity did not include the waiver provision; and (2) Section 52-278f is unconstitutional because it does not provide judicial review of the allegations which are the basis for the attachment, thereby violating citizens' right to due process of law. The plaintiff opposes the defendant's motion on the grounds that the waiver provision of the note is valid and enforceable against Klewin as guarantor and Section 52-578f is constitutional because the constitutional right to due process may be voluntarily waived.
The promissory note contained the following waiver provision in bold type directly above Klewin's signature as general partner:
THE BORROWER AND EACH GUARANTOR OR ENDORSER OF THIS NOTE ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ANY RIGHTS TO NOTICE OF AND HEARING AND UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES OR OTHER STATUTES AFFECTING PREJUDGMENT REMEDIES AND AUTHORIZES THE LENDER'S ATTORNEY TO ISSUE A WRIT FOR A JUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER.
The guaranty signed by Klewin personally did not contain any waiver in the body of the guaranty agreement; however, a copy of the promissory note was attached to the guaranty as Exhibit A and made a part of the guaranty.
Klewin is bound by the waiver provision contained in the promissory note which he signed and which was attached to the guaranty agreement as an exhibit.
As to the defendant's second argument, that Conn. Gen. Stat. Sec. 52-278f is unconstitutional, there is currently a split of authority at the Superior Court level. The reasoning of the courts in Country Lumber, Inc. v. Sarris, 3 CTLR 546 (April 22, 1991, Shaller, J.) and Connecticut National Bank v. Cooke, 3 CTLR 527 (March 21, 1991, Dunnell, J.), which upheld the constitutionality of Section 52-278f on the ground that one may waive due process rights; See Country Lumber Inc., 3 CTLR at 547; is the more persuasive. But see CT Page 7506 People's Bank v. Pepburn, 3 CTLR 276 (February 6, 1991, Pickett, J.) As discussed in Country Lumber, Inc. and Connecticut National Bank, the reasoning of the Court of Appeals in Pinsky v. Duncan, 898 F.2d 852 (2d. Cir. 1990), modified in 907 F.2d 18 (2d. Cir. 1990), which was affirmed by the U.S. Supreme Court in Connecticut v. Doehr, 59 U.S.L.W. 4587 (June 6, 1991), holding Conn. Gen. Stat. Sec.52-278e unconstitutional, does not apply to Section 52-278f, where a defendant waives his due process rights to notice and a hearing.
CONCLUSION
The defendant Klewin's motion to dissolve the prejudgment attachment on his property is denied.
Hon. Philip R. Dunn Superior Court Judge