923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Edward PETRUSAK, Sr., Defendant-Appellant.
 No. 89-5439.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 5, 1990.
Decided Jan. 28, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CR-89-14-B)
 Gregory D. Edwards, Jonesville, Va., for appellant.
 Jerry W. Kilgore, Assistant United States Attorney, Abingdon, Va. (Argued), for appellee; John Perry Alderman, United States Attorney, Abingdon, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and WILLIAM M. NICKERSON, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Paul Petrusak appeals the enhanced sentence he received pursuant to 18 U.S.C. Sec. 924(e), predicated upon three prior convictions which the district court found to be "violent felonies" within the meaning of the statute. We affirm in light of the United States Supreme Court's recent holding in Taylor v. United States, --- U.S. ----, 110 S.Ct. 2143 (1990).
 
 I.
 
 2
 Law enforcement officers, while investigating a murder case, visited Paul Petrusak's home in Virginia for the purpose of questioning him. During questioning, the officers observed that Petrusak had a rifle. Knowing that Petrusak had a prior felony conviction, the officers took the gun. A federal grand jury indicted Petrusak on federal firearms violations on February 17, 1989. The indictment included a charge under 18 U.S.C. Sec. 922(g)(1) for illegally possessing a firearm on the basis of defendant's convicted felon status. Petrusak was convicted on this charge on May 1, 1989, and was timely notified, prior to sentencing, that the government intended to seek sentence enhancement under 18 U.S.C. Sec. 924(e).
 
 
 3
 At sentencing, the government produced evidence of Petrusak's three previous "violent felony" convictions as required by the statute. The previous "violent felonies" consisted of three burglary convictions in Virginia and Illinois. Petrusak does not contest the validity of the Virginia burglary conviction, but he does contest the two Illinois burglary convictions. In the first Illinois burglary, Petrusak burglarized a garage directly behind a house where both were enclosed by the same fence. He was convicted of that offense on September 21, 1981. In the second Illinois burglary Petrusak entered an apartment building after dark and stole a television set. He was convicted of this burglary on September 4, 1984. The Illinois burglaries were proved through testimony and certified copies of the convictions. Based on these three convictions, the district judge enhanced Petrusak's sentence, imposing the fifteen-year term under 18 U.S.C. Sec. 924(e).
 
 II.
 
 4
 The sole issue on appeal is whether Petrusak's three violent felony convictions are "burglar[ies]" within the meaning of 18 U.S.C. Sec. 924(e)(2)(B)(ii). The meaning of burglary in this statute has generated a conflict among the circuits. See Taylor v. United States, 110 S.Ct. at 2148 n. 2.
 
 
 5
 Petrusak argues in his brief that his enhanced sentence should be reversed because this Court held in United States v. Headspeth, 852 F.2d 753 (4th Cir.1988), that "burglary" means common law burglary or its equivalent in elements and that the Illinois burglary statute under which Petrusak was convicted lacked the common law elements of breaking, dwelling place, and nighttime.
 
 
 6
 Taylor v. United States, decided by the United States Supreme Court during the pendency of this appeal, is dispositive. The Court in Taylor held that Congress intended burglary to be interpreted in the "generic sense in which the term is now used in the criminal codes of most states." Taylor, 110 S.Ct. at 2158. The Court concluded that:
 
 
 7
 [A] person has been convicted of burglary for purposes of a Sec. 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.
 
 
 8
 Id. Taylor overrules United States v. Headspeth, 852 F.2d 753 (4th Cir.1988).
 
 
 9
 The testimony taken at the sentencing hearing establishes that the two Illinois burglaries meet the "generic" meaning of burglary. In the September 21, 1981, burglary conviction, Petrusak unlawfully entered a garage with the intent to commit a crime. In the September 4, 1984, burglary conviction, Petrusak unlawfully entered an apartment and stole a television set. We also note that the Illinois burglary statute "corresponds in substance to the generic meaning of burglary." Taylor, 110 S.Ct. at 2158.
 
 
 10
 Accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.