16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Preston ADAMS, Defendant-Appellant.
 No. 93-5189.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 9, 1993.
Decided Jan. 10, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, District Judge. (CR-91-11-ST-CR-MU)
 Harold J. Bender, Law Office of Harold J. Bender, Charlotte, for appellant.
 Jerry W. Miller, U.S. Atty., H. Thomas Church, Asst. U.S. Atty., Charlotte, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Preston Adams appeals from his jury convictions of conspiracy to possess with the intent to distribute cocaine, 21 U.S.C. Sec. 846 (1988), and aiding and abetting the possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1988) and 18 U.S.C. Sec. 2 (1988), and his resulting sentence of sixty-three months imprisonment and four years of supervised release. Because we find that the court did not err in admitting the testimony of various government witnesses, that the Government did not knowingly introduce false testimony, and that the court did not err in its handling of a jury instruction on the definition of reasonable doubt, we affirm Adams's convictions and sentence.
 
 
 2
 Officers of the Catawba County Sheriff's Department arranged an undercover purchase of cocaine with the cooperation of Teddy Clark ("Clark"), who they previously arrested for LSD trafficking. Clark negotiated the purchase of one kilogram of cocaine from Trey Webb ("Webb"), who agreed to meet Clark in a parking lot, where the officers arrested him. Upon his arrest, Webb agreed to cooperate with the authorities. Webb informed the officers that Herbert Lombardo ("Lombardo") was his source of the cocaine. Lombardo arrived at Webb's house on the day of the proposed sale of the cocaine with the Appellant, Terry Adams ("Adams"), who rode in the front passenger seat of Lombardo's car. Adams and Lombardo were business partners. Webb informed the officers who arrested him that Lombardo and Adams were at his house; that the cocaine was in their car; and that Adams "appeared to be calling the shots." After his arrest, Webb called his home and told Lombardo that the sale was off and that he and Adams should leave.
 
 
 3
 Police officers stopped Lombardo's car as he and Adams were leaving Webb's residence; Lombardo was driving and Adams was a passenger. The officers discovered a kilogram of cocaine underneath Adams's seat in their search of the car.
 
 
 4
 Adams testified that he went to Webb's house with Lombardo to obtain money that Lombardo owed him. He continued that he did not know cocaine was in the car and that he had nothing to do with the cocaine sale.
 
 
 5
 Adams alleges that the court improperly admitted certain statements from Clark and Webb. He objects to Clark's testimony that Webb informed him that the cocaine came from Bristol, Tennessee and Webb's statements that he informed Clark the cocaine was from Bristol, that the cocaine was from Bristol, and that Lombardo informed him in Adams's presence that the cocaine was in his car.
 
 
 6
 Under Fed.R.Evid. 801(d)(2)(E), a statement made by a coconspirator of a party during the course and in furtherance of a conspiracy is not hearsay when offered against a party. To admit such evidence, the court must conclude that there was a conspiracy involving the declarant and the party against whom the statement is admitted and that the challenged statements were made in furtherance of the conspiracy. United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir.1992). The court's decision is reviewed for abuse of discretion. Id. The court need not make explicit findings on these issues, but the record must support admission of the evidence. Id. at 1256. The government must prove the existence of a conspiracy and the defendant's involvement in it by a preponderance of the evidence to establish admissibility of a coconspirator's statement under Rule 801(d)(2)(E). The court may examine hearsay statements sought to be admitted in determining whether the government has met its burden. Bourjaily v. United States, 483 U.S. 171, 181 (1987).
 
 
 7
 Since a preponderance of the evidence establishes that Adams was involved in a conspiracy with Clark, Lombardo and Webb and that the challenged statements were made in furtherance of that conspiracy, we find that the court did not err in admitting the statements Adams challenges on appeal. Webb testified, without any objection from the defense, that Lombardo informed him in Adams's presence that the cocaine was in the car in which he (Lombardo) and Adams had arrived. The cocaine was later found in the car underneath Adams's seat. Webb also testified that Adams stated the cocaine could never leave his sight. Therefore, the statements to the effect that the cocaine was from Bristol were properly admitted under Rule 801(d)(2)(E).
 
 
 8
 As we previously noted, Adams did not object to Webb's testimony that Lombardo stated in front of Adams that the cocaine was in the car in which they had arrived. Therefore, we review admission of that testimony for plain error. Fed.R.Evid. 103(a)(1), 103(d); Fed.R.Crim.P. 52(b). Webb's testimony concerning Lombardo's statement concerning the location of the cocaine was not offered to establish its truth. It was offered to demonstrate that Adams knew the cocaine was in the car. Since the statement, therefore, was not hearsay as defined by Fed.R.Evid. 801(c), the court did not commit plain error in admitting it. See United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993).
 
 
 9
 Adams alleges that the Government knowingly introduced false testimony when a police officer testified that he did not know the whereabouts of Lombardo. Police reports disclosed that there was an investigation of an incident in which Lombardo may have committed suicide by jumping off of a bridge. The police speculated, however, that the incident might have been staged since Lombardo's body was never found. After discussion of the testimony outside of the jury's presence, the court agreed to the defense's request to instruct the jury that Lombardo's whereabouts was not an issue for their consideration.
 
 
 10
 A prosecutor's knowing use of perjured testimony or knowing failure to disclose that testimony used to convict a defendant was false is a violation of due process, and a conviction must be set aside if there is any reasonable likelihood that false testimony could have affected the judgment. United States v. Bagley, 473 U.S. 667, 678 (1985). The defendant must show the prosecutor or other government official knew the testimony was false. Stockton v. Virginia, 852 F.2d 740, 749 (4th Cir.1988), cert. denied, 489 U.S. 1071 (1989).
 
 
 11
 Adams's claim fails in several respects. First, the record does not support his allegation that the testimony was false. There is no indication that the officer lied when he stated he did not know where Lombardo was. In addition, even if the testimony was false, we find there is no reasonable likelihood that the testimony affected the judgment against him since the court gave a curative instruction that Adams requested. Finally, even if the testimony was false, there is no indication in the record that the prosecutor knew it to be false.
 
 
 12
 Adams next objects to the court's handling of a jury instruction on the definition of reasonable doubt. After thoroughly instructing the jury on the presumption of innocence and the burden of proof, the court stated:
 
 
 13
 The term "reasonable doubt" means just what it says. It is a doubt based upon reason and common sense. Its meaning is no doubt self-evident and understood by you and the court will not attempt to define the term further.
 
 
 14
 Adams did not object to this instruction, but he did offer his own proposed instruction on reasonable doubt that the court refused.
 
 
 15
 Under Fed.R.Crim.P. 30, a party must object to a jury instruction before the jury retires to consider its verdict in order to preserve the issue for appellate review. Adams did not object to the court's jury instruction on reasonable doubt even though the court explicitly solicited comment from the parties after instructing the jury. Therefore, we find that Adams has waived our consideration of this issue under Rule 30 even though the court rejected his proposed instruction. Whether the court erred in rejecting Adams's proposed instruction is a separate issue from whether the court ultimately adequately instructed the jury.
 
 
 16
 Even if Adams had properly preserved the issue for our review, his claim is meritless. This Circuit disapproves of judicial efforts to define reasonable doubt absent a specific request from the jury itself. United States v. Headspeth, 852 F.2d 753, 755 (4th Cir.1988). We also note that a portion of the court's instruction is identical to part of Adams's proposed instruction.
 
 
 17
 Finally, Adams alleges that the trial court improperly permitted Webb to testify that it appeared to him that Adams was "calling the shots." Webb had previously testified that Adams stated that the cocaine could not leave his sight and that the transaction could occur in a nearby shed if Lombardo was present. Under Fed.R.Evid. 701, a witness who is not testifying as an expert may express opinions or inferences that are (1) rationally based on the perceptions of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Webb's testimony meets both of these criteria. Webb's conclusion was rationally based on his perceptions of Adams's behavior on the day the cocaine sale was to occur. The testimony was helpful in determining Adams's role in the conspiracy. Therefore, the court did not err in admitting the testimony.
 
 
 18
 For these reasons, we affirm Adams's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.