UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                      No. 02-4942

ELIZABETH PALERMO,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                      No. 03-4222

ELIZABETH PALERMO,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-01-375-PJM)

Submitted: September 29, 2003

Decided: March 1, 2004

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Gina L. Simms, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Elizabeth Palermo appeals the district court's orders sentencing her for ten counts of mail fraud, in violation of 18 U.S.C. § 1341 (2000), and the resulting order of restitution. We have reviewed the record and find no reversible error.

First, Palermo argues that the district court improperly used the "mass marketing" enhancement of *United States Sentencing Guidelines Manual* § 2F1.1 (2000) to increase her sentence. She contends that because the enhancement was intended for use in cases of open-ended solicitations of unknown individuals, her solicitation of approximately 158 existing clients over a two-month period did not constitute mass marketing. We review a district court's legal interpretation of a sentencing guideline de novo and its factual determinations for clear error. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We find Palermo's argument to be without merit.

The sentencing guidelines define mass marketing as a "plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to . . . purchase goods or services. . . ." USSG § 2F1.1, Comment, (n.3). Thus, all that is required is that any solicitation reach a large number of persons. *See United States v. Magnuson*,

307 F.3d 333, 334 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1008 (2003). We find that Palermo's scheme to defraud clients concerning various pieces of art, in order to raise sufficient funds to purchase some of the very pieces she claimed to already have in her possession, falls squarely within the definition of mass marketing. Furthermore, contrary to Palermo's contention, there is no distinction made between soliciting known and unknown individuals. We further find that 158 people is a sufficiently large number of individuals to qualify for the enhancement. Thus, we find that the district court did not clearly err by applying the mass marketing enhancement to increase Palermo's sentence.

Next, Palermo argues that the district court erred in its calculation of restitution owed to certain alleged victims of her fraudulent conduct. We review a district court's order of restitution for abuse of discretion. *See United States v. Vinyard*, 266 F.3d 320, 325 (4th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002) (citing *United States v. Henoud*, 81 F.3d 484, 490 (4th Cir. 1996)). We find that because the Government proved the amounts of loss with regard to each victim by a preponderance of the evidence, *see Henoud*, 81 F.3d at 490, the district court's restitution order does not constitute an abuse of discretion.

Lastly, Palermo argues that the district court erred by declining to instruct the jury on the definition of reasonable doubt as requested. We review the denial of a proposed jury instruction for abuse of discretion. *See United States v. Seidman*, 156 F.3d 542, 551 (4th Cir. 1998). For the following reasons, we conclude Palermo's argument fails.

We have expressed disapproval of attempts by district courts to define the term "reasonable doubt." *See United States v. Najjar*, 300 F.3d 466, 486 (4th Cir.), *cert. denied*, 537 U.S. 1094 (2002); *United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995). Moreover, we have held that a district court should not attempt to define reasonable doubt absent a specific jury request. *See Oriakhi*, 57 F.3d at 1300 (citing *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988)). Here, there is no indication that the jury asked the court to define reasonable doubt. Palermo concedes that controlling law counsels against her position, but asks this court to reevaluate its position. We

have never questioned the law as it currently stands. In fact, we have been clear that reasonable doubt instructions tend to create confusion instead of dispel it. Thus, we decline to reevaluate our position and find that the district court did not abuse its discretion by declining to give Palermo's requested instruction.

For the foregoing reasons, we find that the district court did not err in applying the mass marketing enhancement to increase Palermo's sentence, in calculating the amount of restitution owed to certain victims of her fraudulent scheme, or in declining to instruct the jury on the definition of reasonable doubt as requested. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*