**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNELL PIERCE, a/k/a Nut,

Defendant - Appellant.

**No. 04-4333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN BLOUNT,

Defendant - Appellant.

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(CR-03-04)

Submitted:  July 31, 2006          Decided:  August 25, 2006

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

—————————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

—————————

G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, Gary A. Ticknor, LAW OFFICE OF GARY A. TICKNOR, Elkridge, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Craig M. Wolff, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warren Blount and Donnell Pierce were convicted of conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. The Appellants challenge their convictions and sentences. We affirm their convictions, and vacate and remand their sentences for resentencing.

Prior to the jury's deliberations, Defendants requested that the court define reasonable doubt for the jury using a standard jury instruction. The court denied the requested instruction based on this court's precedent. The jury did not request a supplemental instruction on reasonable doubt.

The trial court's failure to define "reasonable doubt" cannot be considered error. This court has expressed its disapproval of attempts by trial courts to define the term "reasonable doubt", see United States v. Najjar, 300 F.3d 466, 486 (4th Cir. 2002); United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995), and held "that efforts to define reasonable doubt are likely to confuse rather than clarify the concept . . . ." United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998). This court has further stated that it is "convinced 'that the term reasonable doubt has a self-evident meaning comprehensible to the lay juror which judicial efforts to define generally do more to obscure than to illuminate.'" United States v. Walton, 207 F.3d 694, 698 (4th

Cir. 2000) (quoting <u>United States v. Headspeth</u>, 852 F.2d 753, 755 (4th Cir. 1988)).  We therefore find no error in the convictions.

Appellants also challenge their sentences alleging Sixth Amendment error.  They were sentenced on May 6, 2004, prior to the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  Instead of imposing a mandatory life sentence under the original sentencing guidelines calculation, the district court departed four offense levels downward bringing the sentencing guidelines range to 360 months to life imprisonment.  Pierce and Blount each received a total sentence of 360 months of imprisonment.

According to their verdict, the jury found an attributable drug amount of one kilogram of heroin.  The district court determined that at the least the Defendants were responsible for thirty kilograms of heroin, resulting in a base offense level of 38.  Blount received an enhancement for being a leader or organizer of the conspiracy.  Pierce received an enhancement for being a manager or supervisor in the organization.  Both received enhancements for the conspiracy involving more than five people, using minors to assist in the drug trafficking, and possession of firearms.  Pierce had a total offense level of 45, with a criminal history category of II.  Blount had a total offense level of 46, with a criminal history category of I.  Both guideline ranges were

life imprisonment. Pierce's unenhanced guideline range would be 135-168 months. Blount's unenhanced range would be 121-151 months.

At sentencing, the district court recognized that application of the Sentencing Guidelines produced a term of life imprisonment. However, the court granted a downward departure based upon the scale and seriousness of the offense and found that the offenses were no more serious than that of an offense four offense levels lower. Therefore, the court found a sentencing range of 360 months to life imprisonment and imposed 360 month sentences for each defendant.

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 543 U.S. at 267 (Breyer, J., opinion of the Court)).

Here, the district court sentenced Appellants under the mandatory federal sentencing guidelines in effect at the time and established a total offense level by determining additional drug quantity attributable to the Defendants, and enhancements for role

in the offense, that were not found by a jury or admitted conduct. The resulting guideline ranges, even after the downward departure, exceeded those authorized by the admitted conduct. Thus, the sentences, based on facts found by the district court at sentencing, violate the Sixth Amendment.

We therefore affirm the Appellants' convictions, vacate the sentences, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART